**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1284

_____

GERALD BUSH,
                                        Appellant

v.

PHILADELPHIA REDEVELOPMENT AUTHORITY; CHRISTI M. JACKSON;
ROBERT LABRUM

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:18-cv-05659)
District Judge:  Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: August 13, 2024)

_____

OPINION*

_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gerald Bush, proceeding pro se, appeals two orders denying post-judgment motions that he filed in a civil action that was dismissed by the District Court. For the reasons that follow, we will affirm the District Court's orders.

In 2019, Bush filed an action under 42 U.S.C. § 1983 against the Philadelphia Redevelopment Authority ("PRA") and two of its employees. Bush claimed an interest in property located at 5108 Chester Avenue in Philadelphia. The PRA had taken ownership of this property through a condemnation action. Bush sought compensation under the Takings Clause of the Fifth Amendment. He had previously filed actions in state court against the PRA regarding this property without success.

The District Court granted the defendants' motion to dismiss the complaint. On appeal, we disagreed with its conclusion that Bush lacked standing, but we affirmed its alternative rulings that Bush's federal claims against the PRA were barred by res judicata, and that Bush failed to state a claim against the employees. Bush v. Philadelphia Redev. Auth., 822 F. App'x 131, 134-35 (3d Cir. 2020) (per curiam) (non-precedential). We also upheld its decision declining to exercise supplemental jurisdiction over Bush's state law claims. Id. at 135.

Relevant here, we noted that jurisdiction was not lacking under the Rooker-Feldman[1] doctrine, which prohibits a district court from reviewing and rejecting a state court judgment. Bush, 822 F. App'x at 134 & n.5. We stated that the state-court

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

2

judgments did not appear "to rule out all possibility that Bush might have some non-possessory interest in the property . . . that might be compensable under the Takings Clause." Id. However, we expressed no opinion on that issue because the state-court judgments barred Bush's claims as a matter of preclusion. Id.

In January 2024, Bush filed a motion for clarification in the District Court. He asserted that we had "issued an order for non-possessory interest as part of the case," Motion at 2, but that the District Court had not allowed him to seek compensation due to pre-filing injunctions entered against him. He attached a request for permission to file for compensation. Bush also filed a separate motion for permission to file a civil action.

The District Court denied Bush's motions. Regarding the motion for clarification, it stated that this Court did not create or confirm an interest in the property, and that clarification was not needed because it had already explained this to Bush in another case. The District Court denied the motion for permission to file a civil action because Bush had not provided the certification required by the pre-filing injunctions or identified his claims. The District Court explained that Bush had been enjoined twice from filing further claims under § 1983 without leave of court. He was required to certify, among other things, that his claims were new. It also noted that a third pre-filing injunction was issued that precludes Bush from filing actions against the defendants below based on his alleged property interest. Bush now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Although styled as a motion for clarification, Bush's motion might be construed as seeking relief from the District

3

Court's order dismissing his complaint based on our statement that he may have a compensable, non-possessory interest in the property at issue. Bush apparently believes that our comment opened the door to further litigation as to compensation he is due. He argues on appeal that the District Court's rulings are contrary to our decision and that he is entitled to compensation as a result of the taking of the property.

As noted above and by the District Court, we expressed no opinion as to whether Bush had an interest in the property because his claims for compensation were barred by res judicata. We only sought to explain why the District Court had jurisdiction to entertain Bush's complaint. Whether construed as a motion for clarification or other post-judgment relief, the District Court did not abuse its discretion. See Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014) (noting standard of review for the denial of a motion under Federal Rule of Civil Procedure 60(b)(6)).

The District Court also did not err in denying Bush's motion for permission to file a civil action. It correctly stated that Bush did not provide a certification or identify his proposed claims as required by the pre-filing injunctions, which we upheld (for the most part) on appeal.[2] To the extent this motion also stems from our earlier decision, Bush has been enjoined from filing a civil action against the defendants below raising claims based on an alleged interest in the property at issue. Finally, Bush's contention that the

---

[2] In our decision discussed above, we vacated the District Court's order to the extent it expanded the first injunction without giving Bush notice and an opportunity to be heard. We remanded the matter, and no further action was taken in the District Court.

defendants have admitted that he is owed compensation by not filing an appellate brief is without merit.

Accordingly, we will affirm the orders of the District Court.